LORI LAPIN JONES PLLC
Attorneys for Chapter 7 Trustee
98 Cutter Mill Road, Suite 255 South
Great Neck, New York 11021
Telephone: (516) 466-4110
Lori Lapin Jones, Esq.

Hearing: December 13, 2022 at 9:00 a.m.
Objection Deadline: December 6, 2022 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 7

THOMAS J. RICONDA,                                              Case No.: 22-35408 (CGM)

                        Debtor.
------------------------------------------------------------x

# NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION SETTLING TRUSTEE'S CLAIMS AGAINST DEBTOR AND RELATED CAUSES OF ACTION

**PLEASE TAKE NOTICE** that on **December 13, 2022 at 9:00 a.m.**, or as soon thereafter as counsel can be heard, a hearing ("Hearing") will be held before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York ("Court"), on the motion ("Motion") of Lori Lapin Jones, solely as the Chapter 7 Trustee ("Trustee") of the Estate of Thomas J. Riconda ("Debtor") seeking entry of an Order approving a stipulation between the Trustee and the Debtor settling Trustee's claims against the Debtor and related causes of action under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), as set forth in the Stipulation attached to the Motion as Exhibit A, and granting such other and further relief as is just.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted by Zoom for Government® using the instructions on the Court's website, which can be found at: https://www.nysb.uscourts.gov/zoom-video-hearing-guide. If you wish to appear in the Hearing, you must register your appearance utilizing the Electronic Appearance portal located on

the Court's website, which can be found at: **https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl**. **Appearances must be entered no later than 48 hours before the Hearing.**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be (a) filed with the Court no later than **December 6, 2022 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at **www.nysb.uscourts.gov** and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the United States Bankruptcy Court, Southern District of New York, 355 Main Street, Poughkeepsie, New York 12601-3315 and a hard copy of any filed objections should simultaneously be sent to the Honorable Cecelia G. Morris, United States Bankruptcy Judge, United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601-3315 and (b) served, so as to be received no later than the Objection Deadline, on Lori Lapin Jones PLLC, attorneys for Chapter 7 Trustee, 98 Cutter Mill Road, Suite 255 South, Great Neck, New York 11021.

Dated: November 7, 2022
      Great Neck, New York

**LORI LAPIN JONES PLLC**
Attorneys for Chapter 7 Trustee

By: Lori Lapin Jones
Lori Lapin Jones, Esq.
98 Cutter Mill Road, Suite 255 South
Great Neck, New York 11021
Telephone: (516) 466-4110

**LORI LAPIN JONES PLLC**
Attorneys for Chapter 7 Trustee
98 Cutter Mill Road, Suite 255 South
Great Neck, New York 11021
Telephone: (516) 466-4110
Lori Lapin Jones, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| THOMAS J. RICONDA | Case No.: 22-35408 (CGM) |
| Debtor. | |

---------------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION SETTLING TRUSTEE'S CLAIMS AGAINST DEBTOR AND RELATED ESTATE CAUSES OF ACTION

TO THE HONORABLE CECELIA G. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

The motion ("Motion") of Lori Lapin Jones, as Chapter 7 Trustee ("Trustee") of the Estate of Thomas J. Riconda ("Debtor"), seeks entry of an Order approving a stipulation between the Trustee and Debtor settling Trustee's claims against the Debtor and related causes of action under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), as set forth in the Stipulation ("Stipulation") attached hereto as Exhibit A and granting such other and further relief as is just, and respectfully sets forth as follows:

### JURISDICTION

1. The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(A) and (L).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates for the relief sought in this Motion include 11 U.S.C. § 105(a) ("Bankruptcy Code") and Bankruptcy Rules 2002(a)(3) and 9019(a).

## BACKGROUND

5. On June 27, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court"). See Case No. 22-35408, ECF No. 1.

6. Lori Lapin Jones is the Chapter 7 Trustee of the Debtor's estate.

7. The Trustee conducted an examination of the Debtor at a meeting held pursuant to section 341 of the Bankruptcy Code. The Trustee requested further documents from the Debtor which the Debtor produced.

8. Based upon the Debtor's Schedules, the examination, and the documents produced, the Trustee identified certain assets and certain potential causes of action relating to pre-petition transfers.

9. Thereafter, the parties, through counsel, entered into negotiations to resolve the issues raised by the Trustee and reached a global resolution between them on the terms and subject to the conditions set forth in the Stipulation, a copy of which is annexed as **Exhibit A**.

10. By Stipulation so ordered by the Court, the current deadline for the Trustee to object to the Debtor's discharge is December 30, 2022 [See ECF No. 27].

## RELIEF REQUESTED AND BASIS FOR RELIEF

11. By this Motion, pursuant to Bankruptcy Rule 9019(a), the Trustee seeks approval of the Stipulation as being fair, equitable and in the best interests of the Debtor's estate. A proposed Order is annexed as **Exhibit B**.

A. **Settlement of Certain Assets and Potential Causes of Action**

12. The Stipulation provides for the settlement of four separate assets and/or causes of action as follows:

   a. <u>Debtor's Homestead</u>. The Debtor is a 50% owner, by tenancy by the entirety, of residential real property located at 46 Indian Wells Road, Brewster, New York 10509 ("<u>Property</u>"). The Property is subject to a mortgage with a Petition Date balance of approximately $313,000, certain unpaid taxes, and a homestead exemption of $179,975. The Debtor represents that he has an offer for the sale of the Property for $790,000. Under the Stipulation, the Debtor will be free to sell the Property and will pay the Trustee, on behalf of the estate, $18,000 on account of the Debtor's non-exempt equity in the Property. The payment will be made from the sale proceeds of the Property or, if the sale of the Property does not close within 180 days of the Effective Date (as defined in the Stipulation) then the payment of $18,000 will be made within ten business days after 180 days of the Effective Date.

   b. <u>Con Ed Account</u>. The Debtor asserts that his wife inherited shares of Con Edison stock in 2011 when her aunt passed away. Sometime after the account was opened, the Debtor's wife put the Debtor's name on the Con Ed Account (as defined in the Stipulation) and thereafter the Debtor and his wife purchased further shares that were held in the Con Ed Account. In February 2022, the Debtor's name was removed from the Con Ed Account; at that time 50% of the Con Ed Account had an approximate value of $32,000. To settle the estate's claims regarding this transfer, the Debtor will pay to the Trustee, on behalf of the estate, $27,000 as

follows: (i) $12,000 upon the Effective Date and (ii) $15,000 within thirty days of the Effective Date.

 c. <u>Bank Accounts</u>. At the Petition Date, the Debtor's name was on two bank accounts (one held jointly with his spouse) with approximate aggregate balances of $2,500.00. The Debtor will pay the Trustee, on behalf of the estate, $2,250.00 upon execution of the Stipulation representing the estate's 100% interest in such non-exempt property.

 d. <u>Cape Cod Account</u>. The Debtor and his spouse had a joint bank account at Cape Cod 5 which account was closed before the Petition Date. Upon closure, the Debtor's 50% interest was approximately $12,000. The Debtor has agreed to pay the Trustee, on behalf of the estate and in settlement of the estate's claims regarding this transfer, $12,000 as follows: (i) $6,000 upon execution of the Stipulation and (ii) $6,000 within thirty (30) days of the Effective Date.

13. Other terms of the Stipulation include: (a) on the Effective Date, the 341 meeting will be deemed closed; (b) the Debtor represents there are no assets or transfers not disclosed to date in the Debtor's schedules, at the 341 meeting or in the Stipulation; (c) the Trustee's time to object to the Debtor's discharge is extended to the earlier of (i) the date on which the last payment required to be made under the Stipulation clears the Trustee's account and (ii) 210 days from the Effective Date; and (d) so long as the Debtor is in compliance with the Stipulation, the Trustee shall not commence adversary proceedings (i) related to any of the assets or alleged transfers described in the Stipulation and (ii) against the Debtor relating to his discharge.

14. The above is intended to be only a summary of the terms of the Stipulation. The Trustee respectfully refers the Court and all parties to the Stipulation that is annexed as <u>Exhibit A</u>

for its complete terms and conditions.

## B. The Stipulation Should Be Approved

15. Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & Leboeuf L.L.P., 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

16. Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(A). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. In re Drexel Burnham Lambert Grp., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, L.L.C. v. SageCrest II, L.L.C. (In re Sagecrest II, L.L.C.), No. 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190 (RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, Inc., 435 B.R. 122, 134 (S.D.N.Y. 2010).

17. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." In re Chemtura Corp., 439 B.R. at 594 (quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Commc'ns Corp., 368 B.R. 140, 225-26 (Bankr. S.D.N.Y. 2007).

18. The court must inform itself of "all facts necessary for an intelligent and objective

opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)) (internal quotations omitted).

19. The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under Bankruptcy Rule 9019 in Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating L.L.C.), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the Court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

20. In this case, the Trustee believes that the settlement embodied in the Stipulation is fair and equitable and falls well above the lowest point in the range of reasonableness. The Stipulation was negotiated at arm's length. In entering into the Stipulation, the Trustee considered: (a) the costs of attempting to sell the Property (which is only at most 50% owned by the Debtor) and the possibility that the estate may receive less than the $18,000 the Debtor is agreeing to pay; (b) the costs, delay, and uncertainty of litigation concerning the Con Ed Account and the fact that

8

the Trustee is receiving 84% of the amount of the transfer at issue; and (c) the costs, delay, and uncertainty of litigation concerning the Cape Cod Account and the fact that the Trustee is receiving approximately 100% of the amount the Trustee believes the estate is entitled to (i.e., 50% of the amount in the account at closure).

21. For these reasons, the Trustee submits that the Stipulation is fair, reasonable and in the best interests of the Debtor's estate. The Trustee recommends its approval.

## NOTICE AND NO PRIOR REQUEST

22. In accordance with Bankruptcy Rule 2002(a)(2), the Trustee will serve a copy of this Motion by regular mail upon: (a) the Debtor and his counsel; (b) the United States Trustee; (c) parties that filed a proof of claim; (d) creditors listed on the Debtor's schedules; and (f) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002.

23. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order in the form annexed as Exhibit B approving the Stipulation and grant such other and further relief as may be just and proper

Dated: November 7, 2022
    Great Neck, New York

                      **LORI LAPIN JONES PLLC**
                      Attorneys for Chapter 7 Trustee

        By:    <u>Lori Lapin Jones</u>
                Lori Lapin Jones, Esq.
                98 Cutter Mill Road, Suite 255 South
                Great Neck, New York 11021
                Telephone: (516) 466-4110

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                   :

THOMAS J. RICONDA,                      :   Chapter 7

                                            Case No. 22-35408 (CGM)

            Debtor. :

------------------------------------------------------------x

## STIPULATION AND ORDER SETTLING TRUSTEE'S CLAIMS AGAINST DEBTOR AND RELATED ESTATE CAUSES OF ACTION

WHEREAS, on June 27, 2022 (the "Petition Date") the above captioned debtor ("Debtor") filed a petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"); and

WHEREAS, On June 28, 2022, Lori Lapin Jones ("Trustee") was appointed as Chapter 7 Trustee in the Debtor's case; and

WHEREAS, the Debtor owns, as a joint tenant by the entirety, residential real property located at 46 Indian Wells Road, Brewster, New York 10509 (the "Property"), which Property is the Debtor's homestead; and

WHEREAS, the Property is subject to a first mortgage in favor of Key Bank with a principal outstanding amount as of the Petition Date of approximately $313,000; and

WHEREAS, the Debtor has claimed under Schedule C of his Schedules of Assets and Liabilities a homestead exemption for the Property in the amount of $179,975 pursuant to NY CPLR Section 5206 (the "Homestead Exemption"); and

WHEREAS, the Debtor was examined at a meeting conducted pursuant to Section 341(a) of the Bankruptcy Code (the "341(a) Meeting") on July 28, 2022; and

WHEREAS, the Debtor asserts that the Property has a current fair market value of $790,000 based upon an offer recently received by the Debtor; and

WHEREAS, the Debtor asserts that the Debtor's spouse Camille Riconda ("Camille") inherited 666.34 shares in Con Edison stock in 2011 from her aunt upon her passing, and several months later added the Debtor as a "nominee" co-holder of Camille's trading account which maintained the Con Edison stock ("Con Ed Account"). During the time the Debtor's name was on the Con Ed Account, the Debtor and Camille jointly acquired an additional 134 and 2/3 shares of Con Edison stock, bringing the total shares in the Con Ed Account to 801 shares. On or about February 15, 2022, the Debtor's name was removed from the Con Ed Account and his name was replaced with his daughter's name; and

WHEREAS, the Trustee has alleged that the Debtor's estate has a 50% interest in the Con Ed Account as of the approximate date of the transfer of the Debtor's purported interests in the Con Ed Account of February 15, 2022; and

WHEREAS, as of February 15, 2022, 50% of the Con Ed Account had a market value of $32,500; and

WHEREAS, the Debtor asserts that only 50% of the after-acquired 134 and 2/3 shares of Con Edison stock are property of the Debtor's estate and that the Debtor had no beneficial interest in the originally inherited 666.34 shares bequeathed to Camille in 2011; and

WHEREAS, the Debtor's name was on two Wells Fargo checking accounts (the "Bank Accounts") at the time of the Petition Date, one of which was held jointly with Camille and had a balance of approximately $500 as of the Petition Date, and another solely in the name of the Debtor having a balance of approximately $2,000 as of the Petition Date; and

WHEREAS, The Debtor and his spouse had a joint bank account at Cape Cod 5 (the "Cape Cod Account"), which was closed before the Petition Date. At its closure, the Debtor's 50% interest in the Cape Cod Account was $12,000; and

☐WHEREAS, the Trustee and the Debtor have entered into a series of stipulations, whereby the time to object to the Debtor's discharge is currently extended through December 30, 2022; and

WHEREAS, the Trustee and the Debtor have entered into settlement negotiations concerning the Debtor's interests in the Property, Con Ed Accounts, Bank Accounts, and the Cape Code Account to avoid litigation and the Trustee's liquidation of assets, and have reached a settlement on the terms and conditions set forth below.

**IT IS NOW, THEREFORE, HEREBY STIPULATED AND AGREED** by and between the parties hereto as follows:

1. This Stipulation shall become effective upon entry of the Stipulation and Order by the Bankruptcy Court and such Stipulation and Order becoming final and non-appealable (the "Effective Date").

2. Upon the Effective Date, the 341(a) Meeting shall be deemed closed.

3. Upon the Effective Date, the Property shall be free and clear of any restrictions related to the Debtor's Chapter 7 case governing the ownership, occupancy, use, sale, transfer, pledge, mortgaging, hypothecation, assignment or other transfer of the Property, provided however that the Debtor shall pay the Trustee, on behalf of the Debtor's estate, the sum of $18,000 from the proceeds of sale of the Property at closing in full and final settlement of the Trustee's and the Debtor's estate's interest in the Property.

4. The Debtor shall provide notice to the Trustee of the sale closing date for the Property as well as provide monthly status reports as to the status of the sale of the Property.

5. In the event that the sale of the Property does not close within 180 days after the Effective Date, the Debtor shall pay the Trustee the $18,000 payment referred to in Paragraph 3 above within ten (10) business days thereafter.

6. ☐The Debtor shall also make the following payments to the Trustee on behalf of the estate:

   a. In full and final satisfaction of the Trustee's and the Debtor's estate's interests in the Con Ed Account and any causes of action belonging to the Debtor's estate relating to the Con Ed Account, the Debtor shall pay the Trustee (i) $12,000 upon the Effective Date and (ii) $15,000 within thirty (30) days of the Effective Date.

   b. In full and final satisfaction of the Trustee's and the Debtor's estate's interests in the Bank Accounts and any causes of action belonging to the Debtor's estate relating to the Bank Accounts, the Debtor shall pay the Trustee $2,250 upon execution of this Stipulation.

   c. In full and final satisfaction of the Trustee's and the Debtor's estate's interests in the Cape Cod Account and any causes of action belonging to the estate relating to the Cape Cod Account, the Debtor shall pay the Trustee (i) $6,000 upon execution of this Stipulation and (ii) $6,000 within thirty (30) days of the Effective Date.

7. The Debtor hereby represents that, other than as disclosed in his Schedules, as amended, in the 341(a) Meeting, or as set forth hereinabove, as of the date of execution of this Stipulation he has disclosed all his assets and he has not transferred in the 6 years prior to the Petition Date any interests in any accounts or other assets or property.

8. All payments required hereunder shall be made on an account of the Debtor and payable to "Lori Lapin Jones, Trustee."

9. ☐The Trustee's time to object to the Debtor's discharge is hereby extended to the earlier of (a), the date on which the last payment required hereunder clears the Trustee's account, or (b) 210 days from the Effective Date.

10. So long as the Debtor is in compliance with this Stipulation, the Trustee shall not commence adversary proceedings (a) related to any of the assets or alleged transfers described herein or (b) against the Debtor related to his discharge.

Dated: ~~October __, 2022~~ November 7, 2022
Great Neck, New York

                             LORI LAPIN JONES PLLC
                             *Attorneys for the Chapter 7 Trustee*

                             By: _____
                             Lori Lapin Jones, Esq.
                             98 Cutter Mill Road, Suite 255 South
                             Great Neck, NY 11021
                             (516) 466-4110

Dated: October __, 2022            DAVIDOFF HUTCHER & CITRON LLP
White Plains, New York            *Attorneys for the Debtor*

By: _____
Jonathan S. Pasternak
Davidoff Hutcher & Citron LLP
120 Bloomingdale Road
White Plains, NY 10605
(914) 381-7400

_____
THOMAS J. RICONDA

2

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 7

THOMAS J. RICONDA                                         Case No.: 22-35408 (CGM)


                              Debtor.
------------------------------------------------------------x

## ORDER APPROVING STIPULATION SETTLING TRUSTEE'S CLAIMS AGAINST DEBTOR AND RELATED ESTATE CAUSES OF ACTION

Upon the motion ("Motion") of Lori Lapin Jones, solely as the Chapter 7 Trustee ("Trustee") of the Estate of Thomas J. Riconda ("Debtor"), by her attorneys, seeking entry of an Order approving a settlement between the Trustee and the Debtor under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), as set forth in the Stipulation attached hereto as Exhibit A, and granting such other and further relief as is just and proper; and upon the Affidavit of Service filed with respect to the Motion; and there having been due and sufficient notice of the Motion and the opportunity for a hearing thereon; and there being no opposition to the relief sought in the Motion; and no additional notice of hearing being required; and upon the hearing conducted on December 13, 2022; and the Court having determined that the agreement embodied in the Stipulation is a fair and reasonable settlement of the disputes at issue, a proper exercise of the Trustee's business judgment in light of the risks and costs of litigation, and in the best interest of the Debtor's estate; now, therefore, it is

ORDERED that the Motion is granted and the Stipulation annexed as Exhibit A is approved; and, it is further

ORDERED that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order and the Stipulation.